"Know all men by these presents, that I, Alexander Frazer, of, etc., for divers good causes and considerations me hereunto moving, but more especially for the good will and affection which I have and bear unto my beloved nephew, Thomas Saunders, the son of my sister, Peggy, do hereby give and grant, after the decease of my wife, Sally Frazer, two tracts or parcels of land lying and being, etc., to be possessed by him in fee simple, after the decease of my said wife, Sally Frazer, upon condition that he, the said Thomas Saunders, shall then immediately, or as soon after a reasonable time as my be, settle the same and continue on the said premises during his natural life, so that the said premises shall not be sold or alienated during the lifetime of him, the said Thomas. Also I give and grant to my said nephew, Thomas Saunders, one negro fellow Ned, and one girl named little Nelly, to him and to his heirs and assigns forever."
Alexander Frazer died in the month of November, 1816, intestate, leaving his sisters, Esther Wiggs and Barshaba Young, and his nephew, Thomas Saunders, the only child of his deceased sister, Peggy Saunders, his heirs at law; and in the year 1837, after the death of the donor's widow, Thomas Saunders died intestate, leaving three infant children his heirs at law. After the death of the said Thomas Saunders, to wit, at Spring Term, 1839, of FRANKLIN Superior Court of law, the said Esther Wiggs and the children and heirs at law of the said Barshaba Young, who had died intestate since the death of her brother, Alexander Frazer, filed their petition against the heirs at law of the said Thomas Saunders, alleging the foregoing facts, and contending that the deed *Page 488 
from Alexander Frazer to his nephew, Thomas Saunders, conveyed only a life estate in the lands therein mentioned, and that upon the death of the said Thomas, the reversion in the said lands descended to the plaintiffs and defendants, as tenants in common; and thereupon prayed a partition thereof. The defendants, by their guardian, filed an answer in which they insisted that the deed to their father conveyed to him an estate in fee simple in the lands mentioned in the petition, and (620) that consequently they were the sole owners thereof. Upon the hearing of the cause, the court declared that Alexander Frazer had conveyed only a life estate in the lands to Thomas Saunders, and that he died seized in fee simple of the reversion, which descended to the plaintiffs and defendants, his heirs at law, as tenants in common, and thereupon ordered a partition between them, which having been made, and the report of the commissioners returned, and a judgment of confirmation pronounced by his Honor, Judge Saunders, on the last circuit, the defendants appealed.
The case was submitted without argument by
The only question in this case is whether the deed from Alexander Frazer to Thomas Saunders passed a greater estate in the land than for the life of the donee. The consideration of the deed is natural affection, and it may operate as a covenant to stand seized under the statute of uses. The operative words are, "I do give and grant, after the decease of my wife, two tracts of land (describing them) to be possessed by him in fee simple after the death of my wife, upon condition that he, the said Thomas, shall then immediately, or as soon after a reasonable time as may be, settle the same and continue on the premises during his natural life, so that the said premises shall not be sold or alienated during the life of him, the said Thomas." Did the law permit us to indulge conjectures upon these inartificial words of limitation, we should probably hold that the purpose of the deed was to transfer an estate to the donee and his heirs forever, subject to the condition of residence on the land and non-alienation thereof during his life. But we have not this license. The law, in its solicitude to prevent uncertainty, the mother of contention and confusion, has been so precise as to prescribe in conveyances inter vivos certain words for the creation of an estate of inheritance, so appropriated that they cannot be expressed by any other words or by any periphrases or circumlocution. Co. Lit., 9a. In a grant or feoffment to an individual, the word (621) "heirs" was by the common law necessary to make a fee or *Page 489 
inheritance; and although before the statute of uses an use in fee simple might have been raised without these words, because the use was guided solely by the intent of the parties, yet since that statute the word "heirs" is held as indispensable to raise a legal fee in deeds operating under the statute, as it was in feoffments and grants at common law. Co. Lit., 10-a; 1 Repts., 100-b; Shelley's case. The terms of limitation here employed are then manifestly insufficient to create an estate of inheritance. The next sentence of the deed is in these words: "Also, I give and grant to my said nephew, Thomas Saunders, one negro fellow Ned, and one negro girl named little Nelly, to him, his heirs and assigns forever." If the limitation expressed in this sentence can be applied to all the subjects of gift contained in the deed — to the lands before attempted to be limited as well as to the negroes given in the sentence itself — the defective limitation of the lands would be cured thereby, and a fee simple therein held to pass. But this cannot be done without violence to the grammatical and obvious construction of the terms employed. The clause is distinct and independent, commences with new words of donation, names new subjects of gift, and declares the extent of the interest therein granted. The limitation is as much restricted to the things mentioned in the sentence as these are subjected to the words of donation and grant with which the sentence begins. The donor had before declared, but unfortunately not with legal precision, the nature of the interest conveyed by him in the lands — an interest subject to a specified condition. To the gift of the negroes, intended by him to be unconditional, he annexed a different limitation. We cannot transfer the limitation of the latter so as to enlarge or modify the limitation of the former.
We see no error in the judgment below, and it must be affirmed.
PER CURIAM. Judgment affirmed.
Cited: Armfield v. Walker, 27 N.C. 582; Stell v. Barham, 87 N.C. 67;Allen v. Baskerville, 123 N.C. 127.
(622)